IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, | * * * |
| Plaintiff, | * * |
| v. | *   CIVIL ACTION NO. *   3:05 CV518-DRB |
| SCOTT BRIDGE COMPANY, INC., | * * |
| Defendants. | * |

**MEMORANDUM IN SUPPORT OF
MOTION FOR MORE DEFINITE STATEMENT**

COMES NOW Defendant Scott Bridge Company, Inc. ("Scott Bridge"), and files this memorandum in support of its motion for more definite statement.

**FACTUAL BACKGROUND**

Scott Bridge chartered 11 barges in 2003 for use on a project which involved the demolition of a bridge in the State of Georgia. The barges were used to haul off the bridge debris. Scott Bridge procured insurance coverage for those barges with American Home. After the project was completed and the barges redelivered by Scott Bridge to their owners, it was determined that four of the barges had sustained accidental damage well beyond the expected wear and tear. Scott Bridge then notified American Home of the damage to the insured barges.

After an investigation and instead of paying for the repairs to the barges caused during the loading of the bridge debris, American Home instead filed this declaratory judgment action.

**AMERICAN HOME'S COMPLAINT**

The gravamen of American Home's declaratory judgment action is contained in paragraph 5 of its Complaint. That paragraph states in full as follows:

> 5.  Coverage does not exist for the insurance claims submitted by Defendant based on the breach and/or nonoccurrence of the terms, conditions and warranties of the subject policies. Accordingly, an actual controversy exists as to whether Defendant is due any sums under the aforementioned policies.

As can be readily seen, the purported basis for no coverage is extremely vague. American Home simply alleges that "coverage does not exist…based on the breach and/or nonoccurrence of terms, conditions and warranties of the subject policies."

These vague and conclusory allegations by American Home to justify its contention that there is no coverage do not provide Scott Bridge with sufficient notice for framing a responsive pleading or averring affirmative defenses. Without any allegation of ultimate fact or any reference to the specific policy provisions or exclusions relied upon by American Home in pursuing this action, American Home seeks a declaration from this Court that it has no duty to indemnify Scott Bridge under the subject policies for the accidental damages to the insured barges.

While a motion for more definite statement is no substitute for discovery, Scott Bridge should be entitled to notice of the contentions of American Home (1) that the circumstances of the underlying lawsuit are not within the terms of the policy, (2) that the circumstances in the underlying lawsuit are within the terms of the exclusions, or (3) that the conditions of the policy have not been met. See, e.g., Betancourt v. Marine Cargo Management, Inc., 930 F.Supp. 606, 608-09 (S.D.Fla. 1996).

For the foregoing reasons, Scott Bridge respectfully submits that the Court should, at the minimum, require American Home to file a more definite statement of its justifications for filing the declaratory judgment action.

        /s/ S. Allen Martin, Jr.  
        Stanley A. Martin (MAR049)  
        S. Allen Martin, Jr. (MAR149)  
        Attorneys for Defendant Scott Bridge Company

Post Office Box 2526  
Opelika, Alabama 36803-2526  
(334) 749-4142

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served an exact copy of the foregoing Memorandum in Support of Motion for More Definite Statement upon the following counsel of record, by depositing a copy of same in the United States Mail, properly addressed with first class postage prepaid thereon.

    Honorable Blane M. Crutchfield  
    Hand Arendall, LLC  
    P.O. Box 123  
    Mobile, AL 36601-0123

This 21st day of June, 2005.

        /s/ S. Allen Martin, Jr.  
        S. Allen Martin, Jr.