IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| **AMERICAN HOME ASSURANCE COMPANY,** | * * * | |
| **Plaintiff,** | * * | |
| v. | * * | CIVIL ACTION NO. 3:05cv518-T |
| | * | |
| **SCOTT BRIDGE COMPANY, INC.,** | * * | |
| **Defendant.** | * | |

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIM OF SCOTT BRIDGE COMPANY, INC.

Defendant Scott Bridge Company, Inc. (hereinafter, "Scott Bridge"), in answer to the Complaint for Declaratory Judgment filed by Plaintiff American Home Assurance Company (hereinafter, "American Home"), states as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Scott Bridge admits that it has submitted claims for damage to its insured barges for payment by American Home under the applicable policies of insurance on or about June 4 and July 15, 2004. Scott Bridge denies the remaining allegations of Paragraph 4.

5. Scott Bridge denies the allegations of Paragraph 5.

6. In response to the unnumbered paragraph of the Complaint following paragraph 5, Scott Bridge denies that American Home is entitled to the requested relief or to any further and different relief, and Scott Bridge furthermore avers that it is entitled to be paid under the applicable insurance policies for its losses, that its claimed losses for damage to the barges are covered under the applicable insurance policies, and that the amount of its claims for such losses is based on sufficient evidence.

## FIRST AFFIRMATIVE DEFENSE

7. The Complaint, and each and every averment set forth therein, fails to state a claim upon which relief can be granted against Scott Bridge.

## SECOND AFFIRMATIVE DEFENSE

8. Scott Bridge pleads all applicable terms, provisions, and conditions in the applicable insurance policies.

## THIRD AFFIRMATIVE DEFENSE

9. Except as expressly admitted herein, Scott Bridge denies all allegations contained in American Home's Complaint for Declaratory Judgment.

## FOURTH AFFIRMATIVE DEFENSE

10. Scott Bridge reserves the right to amend its Answer or to supplement its Answer with additional, other, or different defenses.

## COUNTERCLAIM OF SCOTT BRIDGE COMPANY, INC.

11. Defendant/counterclaim plaintiff Scott Bridge Company, Inc. (hereinafter, "Scott Bridge") is a Florida corporation with its principal place of business in Opelika, Alabama. Scott Bridge is duly registered and licensed to do business in Alabama.

12. Upon information and belief, Plaintiff/counterclaim defendant American Home Assurance Company (hereinafter, "American Home") is a New York corporation which is in the business of issuing marine insurance policies and was, at all material times herein, doing business in Lee County, Alabama.

13. This Court has jurisdiction over the Counterclaim pursuant to 28 U.S.C. § 1332, as there is complete diversity between Scott Bridge and American Home, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This is a compulsory counterclaim brought under Rule 13(a) of the Federal Rules of Civil Procedure.

14. This Counterclaim seeks damages for breach of contract, including interest and attorney's fees. This Court is vested with jurisdiction to hear the claims set forth in this Counterclaim.

15. In 2003, Scott Bridge chartered approximately 12 barges to be used in the removal of a bridge located within the State of Georgia, including Barges KS 556, KS 5002, U 766 and BRUCE W.

16. Scott Bridge procured hull insurance policies for these 12 barges, including Barges KS 556, KS 5002, U 766 and BRUCE W, from American Home which provided

coverage to Scott Bridge for any damage to the insured barges caused by accidents in the loading, discharging, or handling of any cargo, among other perils.

17. On hire surveys by independent marine surveyors were performed with respect to those barges to determine their condition at the beginning of the charter period. After the work by Scott Bridge was completed, those barges were returned to their owners and off hire surveys were then performed to determine the physical condition of each barge.

18. The off hire surveys for Barges KS 556, KS 5002, U 766 and BRUCE W revealed extensive accidental damage caused during the loading of the bridge debris at the work site in Georgia. These damages were not known to Scott Bridge until the times of the off hire surveys.

## COUNT ONE
## BREACH OF CONTRACT

19. Paragraphs 11-18 of the Counterclaim are incorporated herein by reference.

20. Scott Bridge promptly notified American Home of the damage to the insured barges discovered during the off hire surveys.

21. Scott Bridge performed its obligations under the applicable insurance policies or was excused from performing its obligations by acts or omissions of American Home.

22. As required by its agreements with the barge owners, Scott Bridge has paid the costs of repairing those barges which were accidentally damaged in the amount of $580,206.00.

23. Notwithstanding Scott Bridge giving American Home notice of said losses and making claims under said policies for coverage, American Home has denied payment of all

5

claims less the appropriate deductibles and instead, has filed this declaratory judgment action against Scott Bridge.

24. As such, American Home's conduct constitutes a breach of the applicable insurance policies.

WHEREFORE, Scott Bridge demands judgment against American Home for compensatory damages in the amounts owed to Scott Bridge under the relevant policies of insurance issued by American Home, together with interest and costs of this action and any other relief for which Scott Bridge may be entitled under law or equity.

/s/ Stanley A. Martin
Stanley A. Martin (MAR049)
S. Allen Martin, Jr. (MAR149)
Attorneys for Defendant
Scott Bridge Company, Inc.

Post Office Box 2526
Opelika, Alabama 36803-2526
(334) 749-4142

**CERTIFICATE OF SERVICE**

     I hereby certify that I have this day served an exact copy of the foregoing Answer to Complaint for Declaratory Judgment and Counterclaim of Scott Bridge Company, Inc. upon the following counsel of record, by depositing a copy of same in the United States Mail, properly addressed with first class postage prepaid thereon.

Honorable Blane M. Crutchfield
Hand Arendall, LLC
P.O. Box 123
Mobile, AL 36601-0123


This 7th day of July, 2005.

                                                 /s/ Stanley A. Martin
                                                 Stanley A. Martin